**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Patrick Neal Bradberry, ) | No. 05-1336-PHX-JAT |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| Dora B. Schriro, et al., ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

Pending before the Court is Patrick Neal Bradberry's ("Plaintiff") "Objection and Appeal of the Magistrate Judges Arbitrary Erroneous Ruling in [Docket # 68] Regarding [Docket # 67] Denying Without Remedy that Defendants who have Unlawfully Avoid Service be Served by the U.S. Marshals Office and that [Docket # 67] be Reviewed Anew," which the Court interprets as an Appeal of the Magistrate Judge's previous Order concerning service on Defendants (Doc. # 69). Also pending before the Court, is "Plaintiff's Request to Judge James A. Teilborg to Take Judicial Notice and Request for Change of Judge," which the Court interprets as a Motion for Recusal (Doc. # 93). The Court will deny Plaintiff's Motions.

**I. PROCEDURAL BACKGROUND**

On May 5, 2005, Plaintiff filed a civil rights action under 42 U.S.C. § 1983 as a *pro se* litigant. After Plaintiff's claim was dismissed by this Court under Rule 41(b), the Ninth Circuit reversed and remanded the case to this Court for further proceedings (Doc. # 31). Plaintiff then attempted to serve Dora B. Schriro et al. ("Defendants"), but the U.S. Marshal was unable to locate the Defendants. As a result, Plaintiff filed a Motion requesting that this

Court: (1) hold the unserved Defendants in contempt and order appropriate sanctions for avoiding service; (2) order the U.S. Marshal's Office to personally serve the Defendants; (3) order the ADOC to release the last known addresses of the Defendants that are no longer with the ADOC; and (4) hold the Defendants responsible for the time delays that have occurred and provide Plaintiff with extra time to serve Defendants. (Pl.'s Appeal of the Magistrate Judge's Order 2.) The Magistrate Judge issued an Order denying Plaintiff's requests (Doc. # 68). In response, Plaintiff filed an Appeal of the Magistrate Judge's Order (Doc. # 69). Thereafter, Defendant Dora B. Schriro was successfully served (Doc. # 87). After filing his appeal, Plaintiff also filed a Motion for Recusal (Doc. # 93).

**II. DISCUSSION**

    **A.  Appeal of the Magistrate Judge's Order**

When a party objects to the ruling of a Magistrate Judge in a non-dispositive matter, the district judge must consider the party's "objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." FED. CIV. R. 72(a). Here, Plaintiff filed a Motion with this Court seeking to overturn the Magistrate Judge's Order as "arbitrary and legally unreasonable." (Pl.'s Appeal of the Magistrate Judge's Order 1.) However, the Magistrate Judge has since issued an additional Order (Doc. # 105), requiring Defendant Dora B. Schriro to submit the last known addresses of each Defendant to the Court, and the Clerk of the Court to forward those addresses and completed service packets to the Marshal for personal service on each Defendant. In addition, the Order extended the deadline for service to October 10, 2008. Therefore, the Court will deny Plaintiff's Appeal of the Magistrate Judge's Order as Moot in regards to Plaintiff's requests to order Defendants' last known addresses to be released, to order the Marshal to personally serve those Defendants, and to order additional time for Plaintiff to serve Defendants.

Having determined that three of Plaintiff's above requests are denied as moot, the Court now addresses Plaintiff's remaining request to hold Defendants in contempt and order sanctions for avoiding service. Plaintiff argues that Defendants have "willfully and maliciously sought to avoid lawful service by returning all service packets as 'Return to

Sender.'" (Pl.'s Appeal of the Magistrate Judge's Order 2.) Plaintiff attached receipts from the Marshal's Office to his original Motion, which indicate the Defendants could not be located. Plaintiff also attached a prison phone list, inmate bulletin, and an article about Defendant Dora B. Schriro, which he argues show that the Defendants were located at the addresses he gave to the Marshal's Office. None of these exhibits, however, show that the Defendants avoided service. Rather, they only show that Defendants could not be located. Therefore, the Court will not modify or set aside the Magistrate Judge's Order denying Plaintiff's request to hold Defendants in contempt and order sanctions.

**B. Recusal**

Two statutes govern recusal of district judges: 28 U.S.C. §§ 144 and 455. Section 144 applies when a party to a proceeding believes that the district judge "has a personal bias or prejudice either against him or in favor of any adverse party[.]" 28 U.S.C. § 144. "Section 144 expressly conditions relief upon the filing of a timely and legally sufficient affidavit." United States v. Sibla, 624 F.2d 864, 867 (9th Cir. 1980) (citations omitted). Specifically, the statute provides:

> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144. When a party files a timely and legally sufficient affidavit pursuant to section 144, the district judge "shall proceed no further therein, but another judge shall be assigned to hear such proceeding." Id.; Sibla, 624 F.2d at 867. However, "if the motion and affidavit required by section 144 [are] not presented to the judge, no relief under section 144 is available." Sibla, 624 F.2d at 868.

Section 455 sets forth two recusal provisions. The first provision, subsection (a), provides that "[a]ny justice, judge, or magistrate of the United States shall disqualify himself [or herself] in any proceeding in which his [or her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The second provision, subsection (b), provides that any

justice, judge, or magistrate "shall also disqualify himself [or herself] in the following circumstances: (1) Where he [or she] has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]" 28 U.S.C. § 455(b)(1).

Unlike section 144, section 455 "sets forth no procedural requirements. That section is directed to the judge, rather than the parties, and is self-enforcing on the part of the judge. Moreover, section 455 includes no provision for referral of the question of recusal to another judge; if the judge sitting on a case is aware of grounds for recusal under section 455, that judge has a duty to recuse him or herself." Sibla, 624 F.2d at 867-68 (citations omitted). Finally, "section 455 modifies section 144 in requiring the judge to go beyond [a] section 144 affidavit and consider the merits of the [recusal] motion pursuant to section 455[]." Id. at 868.

Here, Plaintiff failed to provide an affidavit with his Motion as required by § 144. In addition, Plaintiff's arguments for disqualification are based solely on the Court's rulings in his case. Plaintiff fails to provide any other support for his contention that this Court is biased against him. Finally, Plaintiff is assured that the Court is aware of its obligation to be impartial in this case. Therefore, the Court will deny Plaintiff's Motion for Recusal.

**III. CONCLUSION**

Based upon the foregoing,

**IT IS ORDERED** that Plaintiff's Appeal of the Magistrate Judge's Order (Doc. #69) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Recusal (Doc. #93) is **DENIED**.

DATED this 15th day of September, 2008.

James A. Teilborg
United States District Judge