**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| PATRICK NEAL BRADBERRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIV 05-01336 PHX JAT MEA |
| ) | |
| DORA SCHRIRO, et al., ) | REPORT AND RECOMMENDATION |
| ) | |
| Defendants. ) | |
| _____ ) | |

**TO THE HONORABLE JAMES A. TEILBORG:**

This matter is before the Magistrate Judge on referral from the District Judge, and the determination of the Magistrate Judge is dispositive of some of Plaintiff's claims. Accordingly, the following proposed findings of fact, report, and recommendation are made pursuant to Rule 72(b), Federal Rules of Civil Procedure, and 28 U.S.C. § 636(b)(1)(B) and (C). Before the Court is, *inter alia*, Plaintiff's motion to amend his Second Amended Complaint at Docket No. 166.[1]

**Background**

Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 on May 5, 2005, alleging the original Defendants were liable to him for violation of his constitutional rights while incarcerated. Plaintiff alleged twelve claims for relief

---

[1] Defendants' motion to dismiss at Docket No. 172 is not yet fully pled.

against 54 named Defendants. Plaintiff alleged claims based on violation of his right to procedural due process, Defendants' deliberate indifference, lack of access to the prison grievance procedure, threats to Plaintiff's safety, conditions of confinement claims, and property claims. The complaint was dismissed without prejudice for failure to state a claim because Plaintiff did not set forth specific factual allegations and specific dates that each of the alleged incidents took place.

After three extensions of time, Plaintiff filed an amended complaint on November 20, 2006, naming 54 defendants, including Dora Schriro and Dr. Belcourt. Plaintiff alleged seven claims for relief, based on his "First Amendment right to redress," deliberate indifference to serious medical needs, occurring in 2002, 2003, 2005, and 2006, threats to his safety arising from events occurring in 2001 and Defendant Schriro's inaction in 2003, a state-law based claim for violation of his right to due process, a due process claim based on the deprivation of property, a conditions of confinement claim regarding events in 2003 and 2004, and a procedural due process claim regarding the processing of his grievances. Plaintiff sought compensatory and punitive damages and injunctive and declaratory relief.

Plaintiff immediately sought to "supplement" the complaint and for leave to file a second amended complaint. On March 12, 2007, the Court ordered Plaintiff to file any proposed amended complaint on a court-approved form within 30 days, i.e., almost two years after filing his original complaint, and ordered that the matter be dismissed pursuant to section 1915(g)

if Plaintiff failed to comply with that order.

On April 6, 2007, Plaintiff filed an amended complaint naming 53 defendants and stating eight claims for relief, including claims arising from events occurring in 2007.

On May 8, 2007, the Court ordered the matter dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

The Court noted:

> In his Second Amended Complaint, Plaintiff has again failed to comply with the Court's orders. Plaintiff has violated the Court's directive that he must comply with the 15 page limitation for filing a complaint (Doc.#19). Moreover, Plaintiff has again set forth conclusory allegations in his requests for relief and he has not alleged specific facts to establish how each of the named Defendants played an affirmative role in the alleged constitutional violations.

The Court further noted it was required to:

> consider the rights and entitlements of Defendants to finality, fairness, due process of law and the prompt resolution of litigation. That time has come in this litigation. This case is over two years old and many of Plaintiff's claims took place beginning in the year 2000. It is prejudicial to the Defendants to expect them to defend claims which are this old, when evidence may be difficult if not impossible to obtain.

Plaintiff appealed the decision dismissing his claims to the Ninth Circuit Court of Appeals, which reversed and remanded on January 23, 2008. Accordingly, on January 29, 2008, the Court ordered Defendants be served with and answer the Second Amended Complaint.

The Second Amended Complaint named 53 defendants. The Second Amended Complaint states causes of action for violations of the Eighth Amendment prohibition against cruel and unusual

punishment in relation to Plaintiff's medical care while incarcerated (Count One) and threats to his safety stemming from his cooperation with ADOC CIU investigators (Count Two). Plaintiff also contests his placement, pursuant to a "'specific policy' especially for [Plaintiff]," in the prison's Special Management Unit for 10 years (Count Three). In Count Four, he asserts violations of his Fourteenth Amendment Due Process rights because some Defendants have retaliated against him for filing complaints regarding prison conditions and staff abuses.

In Counts Five and Six, Plaintiff alleges violations of his Fourteenth Amendment Due Process rights because some Defendants charge him a co-payment for medical visits notwithstanding his contention that the state statute authorizing the co-payment cannot be applied retroactively to him. In Count Seven, Plaintiff claims a violation of his First Amendment right to redress because some Defendants refuse to process or answer his grievances, delay his grievance appeals, and deny Plaintiff proper forms to file complaints. In Count Eight, Plaintiff asserts a violation of his Fourteenth Amendment Due Process rights because some Defendants have enacted and are enforcing a new classification policy that eliminates a classification hearing to challenge ongoing placements in maximum or "supermax" security units. In his Request for Relief, Plaintiff seeks declaratory and injunctive relief and compensatory and punitive damages.

The Court's order upon remand dismissed Defendants McHugh, Cione, and Betancourt without prejudice because, although Plaintiff named them as Defendants, Plaintiff asserted

no claims against them and did not mention them in any of the eight counts.

Extensive problems with effecting service on the remaining fifty named defendants have ensued since the filing of the Court's service order on January 29, 2008. On November 17, 2008, the undersigned granted the then-served Defendants' third motion to extend the time allowed to file an answer to the second amended complaint. Some Defendants filed an answer to the Second Amended Complaint on December 19, 2008.

In the interim, Plaintiff filed a motion to amend his standing complaint on December 16, 2008. See Docket No. 166. Defendants filed a response to the motion to amend at Docket No. 166 on January 2, 2009, and Plaintiff filed a reply on January 16, 2009. See Docket No. 178 and Docket No. 184.

**Analysis**

Rule 15(a), Federal Rules of Civil Procedure, provides that a plaintiff should be given leave to amend his complaint when justice so requires. See, e.g., United States v. Hougham, 364 U.S. 310, 316, 81 S. Ct. 13, 17 (1960); Howey v. United States, 481 F.2d 1187, 1190 (9th Cir. 1973). However, leave to amend should be denied if the Court would eventually have to dismiss the claim added to the complaint because the plaintiff raised a claim which was legally frivolous or malicious, failed to state a claim upon which relief may be granted, or that sought monetary relief from a defendant who is immune from such relief. 42 U.S.C. § 1997(c)(1) (2003 & Supp. 2008). See also Newland v. Dalton, 81 F.3d 904, 907 (9th Cir. 1996) ("While Fed. R. Civ. P. 15(a) encourages leave to amend, district courts need

not accommodate futile amendments.").

When the Court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is "particularly broad." Chodos v. West Publ'g Co., 292 F.3d 992, 1003 (9th Cir. 2002). When assessing a motion for leave to amend the Court may consider bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint. See, e.g., Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004). "Futility alone can justify the denial of a motion to amend." Id.

Plaintiff seeks to amend his complaint to add causes of action arising from events occurring in 2008, after his second amended complaint was filed and more than two years after his original complaint. Pursuant to Rule 15(d), Federal Rules of Civil Procedure, the Court may allow Plaintiff "to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." However, although leave to permit a supplemental pleading is favored, a supplemental pleading may not be used to introduce a "separate, distinct and new cause of action." Planned Parenthood of S. Ariz. v. Neely, 130 F. 3d 400, 402 (9th Cir. 1997).

Plaintiff essentially seeks to litigate many events which have occurred since the filing of his original complaint, since the filing of the second amended complaint, and since the remand of the matter from the Ninth Circuit Court of Appeals. The Court's discretion should not be exercised to allow

Plaintiff to use an action originally filed in 2005 to address relatively recent events allegedly giving rise to separate and distinct new cause of action.

Plaintiff also seeks to amend his Second Amended Complaint to add claims when the factual basis for the amendment was known to Plaintiff prior to filing his Second Amended Complaint. For example, Plaintiff seeks leave to add Dr. Baird as a defendant. Dr. Baird was named as a defendant in the original complaint, filed in 2005, and not named as a defendant in either Plaintiff's first amended complaint or in the Second Amended Complaint.[2] Plaintiff should not be permitted to cause undue delay by adding this defendant at this time when he clearly had the knowledge of the factual events giving rise to his claims and the opportunity to include Dr. Baird in his earlier pleadings. See Chodos, 292 F.3d at 1003.

Additionally, in Count I of the proposed third amended complaint, Plaintiff's allegations against Defendant Stapler now include a claim regarding the doctor's treatment of him in 2003, a claim clearly known to Plaintiff at the time he filed his prior complaints and arguably time-barred at the time Plaintiff filed his original complaint. Furthermore, the allegations against Defendant Belcourt in the proposed third amended complaint include an additional claim that this defendant failed to adequately treat Plaintiff from July to October 2006, a factual predicate for a claim clearly known to Plaintiff when he

---

[2] An amended complaint may not incorporate any part of an original complaint by reference and supercedes an original complaint. See Tellier v. Fields, 280 F.3d 69, 76 (2d Cir. 2000); Campbell v. Towse, 99 F.3d 820, 825 (7th Cir. 1996).

-7-

filed his Second Amended Complaint in 2007.

Plaintiff also seeks to add former ADC Division Director of Offender Operations Samuel Sublett, and the current ADC Division Director of Offender Operations, John Hallahan, to Counts VII, VIII, IX, and X.  However, Plaintiff has not alleged any basis for these individuals' liability other than respondeat superior.  Plaintiff should not be permitted to add as defendants Mr. Sublett, Mr. Hallahan, and Dr. Baird, because the claims set forth against these defendants in the proposed third amended complaint are based solely on their status as supervisors.  Additionally, Plaintiff seeks to amend to include CO III Sambora in Count I. Ms. Sambora is the Grievance Coordinator at the SMU I; a position she has held since April 2007.  Plaintiff's claims against this defendant arose after the filing of the Second Amended Complaint and should not be addressed to this suit to the prejudice of the other Defendants.

**Conclusion**

Plaintiff should not be permitted to amend his complaint for a third time more than three years after filing his original complaint and after receiving numerous extensions of the time allowed to file a complaint properly stating actionable claims for relief against defendants who may be sued. More than a year and a half passed between the filing of the original complaint and the first amended complaint on November 20, 2006, and Plaintiff's Second Amended Complaint was filed on April 6, 2007.  Accordingly, most events occurring after the filing of the Second Amended Complaint are not temporally related to the claims stated in the original complaint.

After lengthy delays, the incidents giving rise to the Second Amended Complaint appear to be ready for discovery and adjudication. Allowing the filing of an amended complaint naming additional defendants and additional causes of action predicated on events occurring more than two years after the filing of the original complaint will prejudice the efficient execution of justice and unduly prejudice both the current Defendants and any newly-added defendants. Cf. Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990) (upholding the denial of leave to amend because the plaintiff had delayed filing the amended complaint for eight months beyond the time they should have known of the existence of the claims and noting that "[p]rejudice to the opposing party is the most important factor" in determining whether to grant leave to amend).

Furthermore, Plaintiff fails to show good cause for his inability to achieve the filing of a proper complaint stating all of his intended causes of action and naming each of his proposed defendants in the several years that this action has now been pending. Accordingly,

**IT IS RECOMMENDED THAT** Plaintiff's motion to amend his complaint (Docket No. 166) be **denied.**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir.) (en banc), cert. denied, 540 U.S. 900 (2003). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 6th day of February, 2009.

_____
Mark E. Aspey
United States Magistrate Judge