**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Patrick Neal Bradberry, | No. 05-1336-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| Dora B. Schriro, et al., | |
| Defendant. | |

Pending before the Court is Patrick Neal Bradberry's ("Plaintiff") "Objection and Appeal from the Magistrate Judges Erroneous Report and Recommendation" (Doc. #192). Plaintiff appeals from the Magistrate Judge's recommendation ("R&R" at Doc. # 189) that the Court deny Plaintiff's "Motion for Leave to File Amended Complaint and Joinder of Additional Parties and Counts and For Good Cause to Add 3 Additional Pages to the Amended Complaint" (Doc. #166).

**I.    PROCEDURAL BACKGROUND**

On May 5, 2005, Plaintiff filed a civil rights action under 42 U.S.C. § 1983 as a *pro se* litigant. On December 15, 2005, the Court ordered Plaintiff to file an Amended Complaint (Doc. #5). After receiving three extensions of time, Plaintiff filed his Amended Complaint (Doc. #17) on November 20, 2006. On December 5, 2006, Plaintiff retroactively sought a page extension for the Amended Complaint, which he had belatedly realized exceeded the page limitation. (Doc. #18). The Court denied Plaintiff leave to exceed the 15-page limit,

but granted him the opportunity to submit an Amended Complaint on the court-approved form to add additional claims/parties. (Doc. #19). The Court cautioned Plaintiff to organize his counts into short, plaint statements of his claim. (Doc. #19). The Court warned Plaintiff that if he did not conform to its Order in all respects, the Court would dismiss his case pursuant Federal Rule of Civil Procedure 41(b). (Doc. #19).

Plaintiff filed his Second Amended Complaint on April 6, 2006. (Doc. #22). The Court dismissed the case on May 8, 2007 pursuant to Rule 41(b). (Doc. #23). In its Order, the Court noted that Plaintiff had failed to comply with the 15-page limit and had failed to allege specific facts to show how each Defendant violated his constitutional rights. (Doc. #23, p. 3). On January 23, 2008, the Ninth Circuit Court of Appeals reversed and remanded to the Court, finding the Court erred in dismissing the Second Amended Complaint for failure to state a cognizable claim. (Doc. #31).[1]

On remand, the Court entered a Service Order on January 29, 2008. (Doc. #32). Numerous delays in completing service of process on the many Defendants have occurred. Finally, by November 17, 2008, most of the Defendants had been served. The Court ordered those that had been served to file a responsive pleading by December 19, 2008. (Doc. #147). Many of the Defendants accordingly filed an Answer on December 19, 2008. (Doc. #168). In the interim, Plaintiff filed a Motion for Leave to File Amended Complaint (Doc. #166) on December 16, 2008. After reviewing the Motion to Amend, Defendants' Response, and Plaintiff's Reply, the Magistrate Judge issued his Report and Recommendation ("R&"R) that the Court deny the Motion to Amend. (Doc. #189).

Plaintiff filed his Objections to the R&R on February 23, 2009. (Doc. #192). Defendants filed their Response to his Objections on March 3, 2009. (Doc. #195). Without seeking leave of the Court, Plaintiff filed a "Reply to Defendants' Response to Plaintiff's Objection and Appeal from the Magistrate Judge's Erroneous Report and Recommendations"

---

[1] The Court notes that although the Court dismissed the action pursuant to Rule 41(b), the Ninth Circuit Court of Appeals did not mention that Rule in its Mandate.

- 2 -

on March 18, 2009 (Doc. #196). Because Federal Rule of Civil Procedure 72(b)(2) does not authorize the filing of a Reply, the Court will not consider Plaintiff's Reply in this case.

## II.     DISCUSSION

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1). The Court must review the Magistrate Judge's findings and recommendations "*de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*)(emphasis in original); *Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1126 (D.Ariz. 2003)("Following *Reyna-Tapia*, this Court concludes that *de novo*, review of factual and legal issues is required if objections are made, 'but not otherwise'"). The Court need not conduct "any review at all . . . *of any issue* that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C. §636(b)(1) ("[T]he court shall make a *de novo* determination of those portions of the [report and recommendation] to which objection is made.").

<u>Objections to Background Section</u>

Plaintiff has objected to only portions of the factual background section of the R&R. The Court will address those specific objections, but adopts the remainder of the background section of the R&R without review. Plaintiff objects to the Magistrate Judge's assertion that the events giving rise to this action began in 2000; rather than in 2001, as he argues. But in his Second Amended Complaint, Plaintiff refers to events from late 2000. (Doc. #22, p. 13)("On 12-27-00, myself and another Inmate were infracted for an ADOC departmental discipline violation known as an A06. . . . . On 12-28-00, I was moved to the ASPC-Eyman SMU-I Super Maximum prison.").

Plaintiff also argues that the Court misconstrued his "Request for Leave of the Court to Add Two Additional Pages to First Amended Complaint" (Doc. #18) as a Motion to Supplement the First Amended Complaint. A review of the record reveals that Plaintiff filed his Motion (Doc. #18) after realizing that the First Amended Complaint he had filed exceeded the 15-page limit. The Court denied him leave to exceed the page limit and ordered

Plaintiff to file a Second Amended Complaint that complied with the page limit. (Doc. #19).

Plaintiff further points out that the Ninth Circuit Court of Appeals reversed the Court's dismissal of the Second Amended Complaint on December 21, 2007, rather than January 23, 2008. The Court of Appeals did enter its Order on December 17, 2007, but the Mandate was not docketed in this Court until January 23, 2008. (Docket #31). The Magistrate Judge gave the date of the Mandate in this Court instead of the actual date of the Order.

Finally, Plaintiff argues that the lengthy delays in serving the Defendants can be attributed "directly to the [D]efendants not Plaintiff." (Doc. # 192, p.7). The Court does not agree with Plaintiff that the Magistrate Judge blamed Plaintiff for the delays in serving the Defendants.

<u>Objections to Analysis</u>

Plaintiff has objected to only portions of the analysis section of the R&R. The Court will address those specific objections, but adopts the remainder of the analysis section of the R&R without review.

Plaintiff objects to the Magistrate Judge's finding that the Court should not allow him to supplement his Second Amended Complaint because most of his proposed amendments are separate, distinct, and new causes of action under *Planned Parenthood of S. Ariz. v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997). Federal Rule of Civil Procedure 15(d) allows a party to supplement his pleading to set forth transactions or events that have happened since the date of the original pleading. While Rule 15(a) explicitly requires that leave to amend be freely granted, no comparable admonition applies to motions to supplement under Rule 15(d). Rather, the Court has broad discretion when deciding whether or not to allow a party to supplement his complaint. *U.S. for the Use of Atkins v. Reiten*, 313 F.2d 673, 675 (9th Cir. 1963).

The goal of Rule 15(d) is to promote judicial efficiency. *Planned Parenthood of So. Arizona v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997). A motion to supplement therefore may be denied if granting the motion would, in effect, result in two separate actions within the

same case. *Id.* A motion to supplement may also be denied if not timely brought. *Twin Disc, Inc. v. Big Bud Tractor, Inc.*, 772 F.2d 1329, 1338 (7th Cir. 1985).

Most of Plaintiff's proposed amendments deal with an incident that allegedly occurred on March 3, 2008. In his Proposed Third Amended Complaint, Plaintiff alleges that jail officials came to his cell to conduct a random search to retaliate against him for making complaints. Plaintiff claims the officials stole some of his belongings and injured him during that search. Of the nine Defendants Plaintiff seeks to add, five of them were involved in some way in the alleged March 3, 2008 incident.

The Court agrees with the Magistrate Judge that the March 3 incident claims could constitute the basis for a separate cause of action. Therefore, if the Court allowed Plaintiff to amend his complaint, it would, in effect, result in two separate actions within this case. *Planned Parenthood*, 130 F.3d at 402. Furthermore, the main goal of Rule 15(d) is to promote judicial efficiency. This case has been pending with the Court since May of 2005 – nearly four years, and the Court has encountered numerous difficulties and delays with Plaintiff's efforts (using the U.S. Marshals) to effect service over all the current Defendants. Further, Defendants have filed a Partial Motion to Dismiss (Doc. #172) this case. The Court finds that judicial efficiency would not be served by allowing Plaintiff to supplement his claims at this late date.

Plaintiff also objects to the Magistrate Judge's suggestion that the Court should not allow Plaintiff to add claims against Mr. Sublett, Mr. Hallahan, and Dr. Bard based solely on a *respondeat superior* theory. The Magistrate Judge states that Plaintiff should not be permitted to add claims against officials based on the official's status as a supervisor.

Although *respondeat superior* liability is not available under §1983, a supervisor may be liable if he was personally involved in the constitutional deprivation or there was a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991). "Supervisory liability exists even without overt personal participation . . . if supervisory officials implement a policy so deficient that the policy 'itself is a repudiation

- 5 -

1   of constitutional rights' and is the 'moving force of the constitutional violation.'" *Id.* (quoting
2   *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)).  A supervisor may also be liable if he
3   acquiesces to a constitutional deprivation.  *Lolli v. County of Orange*, 351 F.3d 410, 418 (9th
4   Cir. 2003)(citing *Cunningham v. Gates*, 229 F.3d 1271, 1292 (9th Cir. 2000)).  The Plaintiff
5   therefore correctly notes that supervisors can be liable under §1983 in their supervisory
6   capacities.

7   Nonetheless, the Court's finding regarding judicial efficiency also applies to
8   Plaintiff's attempts to essentially "update" his Second Amended Complaint by adding the
9   people currently in leadership positions.  First, Plaintiff's pleading should name the
10  defendants actually in position at the time of the incidents leading to his allegations.  Second,
11  to the extent Plaintiff alleges that these new Defendants have separately violated his
12  constitutional rights, the Court finds that Plaintiff should not be allowed to supplement his
13  Second Amended Complaint.  This case has been pending for close to four years – it is time
14  to start moving forward with the Partial Motion to Dismiss and discovery.

15  Finally, Plaintiff objects to the Magistrate Judge's finding regarding Dr. Baird.  The
16  Magistrate Judge found that Plaintiff should not be allowed to name Dr. Baird as a Defendant
17  for claims Plaintiff has been aware of since 2005.  Plaintiff named Dr. Baird in his original
18  complaint, but did not name Dr. Baird as a defendant in either the First Amended or the
19  Second Amended Complaint.  Plaintiff states that he inadvertently left Dr. Baird off the
20  Amended Complaint.  The Court finds that inadvertence spanning years does not provide a
21  sufficient basis for amending a complaint.  Plaintiff knew the facts underlying his claims
22  against Dr. Baird at the time he filed his Second Amended Complaint and he should have
23  included those claims in the Second Amended Complaint.

24  ///
25  ///
26  ///
27  Accordingly,
28  IT IS ORDERED AFFIRMING the Magistrate Judge's R&R (Doc. #189) as modified

- 6 -

above and DENYING Plaintiff's "Motion for Leave to File Amended Complaint and Joinder of Additional Parties and Counts and For Good Cause to Add 3 Additional Pages to the Amended Complaint" (Doc. #166).

DATED this 7th day of April, 2009.

_____
James A. Teilborg
United States District Judge