# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| PATRICK NEAL BRADBERRY, ) | |
| ) | |
| Plaintiff, ) | CIV 05-01336 PHX JAT (MEA) |
| ) | |
| v. ) | REPORT AND RECOMMENDATION |
| ) | |
| DORA B. SCHRIRO, et al., ) | |
| ) | |
| Defendants. ) | |

This matter was remanded from the Ninth Circuit Court of Appeals on January 23, 2008. On August 26, 2009, the Court granted in part and denied in part Defendants' motion to dismiss, and dismissed several counts and some Defendants from this matter.

The order on the motion to dismiss provided that some of Plaintiff's claims against Defendant Garvin, Defendant Savage, Defendant Tucker, Defendant Lewis, Defendant Glass, and Defendant Atkins have survived, although these Defendants have not been served. The service of Defendants in this matter has been a lengthy, complicated, and involved process. The Magistrate Judge notes that Defendants and the United States Marshal have severely complicated and indeed thwarted the Magistrate Judge's attempts to have all named Defendants in this matter served pursuant to Judge Teilborg's orders.

In an order filed August 13, 2008, the Court ordered Plaintiff to return service packets sent to him on July 2, 2008, for all 56 defendants, no later than August 29, 2008. The Court further ordered Defendant Schriro to submit the last known <u>residential</u> address for each defendant, whether a current employee of the ADOC or not, to the Court under seal, on or before September 5, 2008. The Magistrate Judge further ordered the Clerk of the Court to forward the sealed addresses and the completed service packets to the United States Marshal for <u>personal</u> service on each Defendant. The Magistrate Judge included this requirement because a great deal of time litigating this matter has been wasted by the attempts to obtain waiver of service on Defendants. Upon receipt of the service packets, the Court ordered the Marshal to "**attempt PERSONAL service on each of the 56 named defendants by physically going to each location specified under seal, on or before October 10, 2008.**" The Magistrate Judge further ordered the Marshal "that they may not attempt to complete service by waiver because waivers for all 56 of these defendants have already been rejected," and also ordered that the United States Marshal shall keep time records for the time spend in affecting personal service in this matter so that any defendant who previously refused to waive service at his or her work address can be personally charged for the cost of service. See Fed. R. Civ. Pro. 4(d)(2) (2009).

Plaintiff returned service packets to the Court and Defendant Schriro filed, under seal, the residential addresses of forty of the defendants, including Defendants Savage and

Lewis. Defendant Schriro averred she was unable to identify and provide an address for Defendant Glass, and that she does not have a residential address for Defendant Atkins or Garvin. Defendant Schriro further represented to the Court that Defendant Tucker and Defendant Pinkstaff are deceased.

On September 4, 2008, Defendant Schriro asked the Court to revise its previous order to allow the "United States Marshal to be permitted to attempt service by waiver for the remaining Defendants, and that the remaining Defendants not be personally charged for the cost of service." On September 24, 2008, the motion at Docket No. 108 was granted insofar as Defendant Schriro moved the Court to relieve the Marshal of the obligation to effect personal service on, *inter alia*, Defendants Savage and Lewis at their residences. The Court ordered that the Marshal could seek waiver of service from these defendants by mailing requests for waiver of service and the appropriate documents to these defendants at their home addresses.

**Defendant Savage**

On October 16, 2008, a waiver of service addressed to Defendant Savage at her home address was returned unexecuted as there was no mail receptacle at the address. See Docket No. 180. The Marshal then sent a waiver of service to Defendant Savage's post office box, which was returned as undeliverable. See id. There is no indication in the record that the Marshal has attempted personal service on Defendant Savage at the address where there was no mail receptacle, notwithstanding the Court's repeated attempts to have the Marshal personally serve Defendant Savage and the Magistrate's willingness to waive this

requirement only upon Defendant's motion and reassurance that diligent efforts were being expended to serve all Defendants and that going to the effort of personal service was not necessary. Accordingly, the Magistrate Judge recommends the Court order the United States Marshal to personally serve Defendant Savage at her home within one month of the date the Court issues its order or face sanctions by the Court.

**Defendant Rick Lewis**

Similar to the attempts to have Defendant Savage waive service, the last address of Defendant Rick Lewis was disclosed under seal. Service was returned unexecuted as to Defendant Lewis on December 11, 2008, with the notation "no physical address/no signed waiver". See Docket No. 164. There is no indication in the record that the Marshal has attempted personal service on Defendant Lewis at the address disclosed under seal. No further attempts were made to serve this defendant, notwithstanding the Court's repeated attempts to have the Marshal personally serve Defendant Lewis and the Magistrate's willingness to waive this requirement only upon Defendant's motion and reassurance that diligent efforts were being expended to serve all Defendants and that going to the effort of personal service was not necessary. Accordingly, the Magistrate Judge recommends the Court order the United States Marshal to personally serve Defendant Lewis at the address disclosed under seal within one month of the date the Court issues its order or face sanctions by the Court.

**Defendants Glass, Atkins, Garvin and Tucker**

The Court allowed Plaintiff until October 24, 2008, to show cause why his claims should not be dismissed as against Defendants Glass, Atkins, Garvin, and Tucker. Plaintiff responded to the order to show cause on or about October 22, 2008. Plaintiff states he "is at a loss why defendant Garvin was named by the Court as the ADOC and counsel do not name him as unable to locate." Plaintiff further allows Defendant Tucker is "deceased and Plaintiff has no way to locate means to serve the deceased." Plaintiff states that he did not intend to prosecute claims against Defendant Glass and Defendant Atkins.

**Defendant Garvin**

Plaintiff returned a service packet for Defendant Garvin to court on August 25, 2008. The service packet was not forwarded to the Marshal because a motion regarding this Defendant's involvement was pending before the Court. Because Defendant Garvin remains a defendant ordered to answer Plaintiff's existing claims, the Magistrate Judge recommends that the Marshal be ordered to effect personal service on Defendant Garvin pursuant to the service packet returned to the Court on August 25, 2008.

Accordingly,

**IT IS RECOMMENDED that** Defendants Tucker, Glass, and Atkins be dismissed as defendants in this matter.

**IT IS FURTHER RECOMMENDED that** the Court order the United States Marshal to proceed with personal service on Defendants Savage, Lewis and Garvin and that the Court specify a date by which the Marshal must serve these Defendants.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 6th day of November, 2009.

_____
Mark E. Aspey
United States Magistrate Judge