**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Patrick Neal Bradberry,<br><br>Plaintiff,<br><br>vs.<br><br>Dora B. Schriro, et al.,<br><br>Defendant. | No. CV05-1336-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Patrick Neal Bradberry's ("Plaintiff") "Partial Objection and Appeal from the Magistrate Judges Report and Recommendation and Request for Court Order to Issue a Subpoena to the State Nurse Registry to Obtain the Last Known Address of Defendant Nurse Atkins and Full Name of Defendant Glass" (Doc. #256).

**I. BACKGROUND**

On August 26, the Court granted in part and denied in part Defendants' Motion to Dismiss. (Doc. #240.) The Court dismissed several counts and some Defendants. The Order provided that some of Plaintiff's claims against Defendants Garvin, Savage, Tucker, Lewis, Glass, and Atkins survived, although those Defendants have not yet been served.

Defendant Schriro has filed under seal the last known address of forty Defendants, including Defendants Savage and Lewis. Defendant Schriro has stated that she was unable to identify and provide an address for Defendant Glass and that she does not have a residential address for Defendant Atkins or Garvin. Defendant Schriro has notified the Court that Defendants Tucker and Pinkstaff are deceased.

## II. DISCUSSION

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1). The Court must review the Magistrate Judge's findings and recommendations "*de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*)(emphasis in original); *Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1126 (D.Ariz. 2003)("Following *Reyna-Tapia*, this Court concludes that *de novo*, review of factual and legal issues is required if objections are made, 'but not otherwise'"). The Court need not conduct "any review at all . . . *of any issue* that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C. §636(b)(1) ("[T]he court shall make a *de novo* determination of those portions of the [report and recommendation] to which objection is made.").

### Plaintiff's Agreement with Certain Portions of the R&R

The Magistrate Judge recommended that the Court order the United States Marshall to proceed with personal service on Defendants Savage, Lewis, and Garvin by a specific date. Not surprisingly, Plaintiff agrees with this recommendation. Because Plaintiff does not object to that portion of the R&R, the Court will accept that recommendation without discussion. *Thomas*, 474 U.S. at 149. The United States Marshall shall personally serve Defendants Savage, Lewis, and Garvin within one (1) month of the date of this Order.

Plaintiff also does not object to the dismissal of Defendant Tucker from this case. Accordingly, the Court adopts that recommendation and dismisses Defendant Tucker.

### Plaintiff's Objections to the R&R

In the R&R, the Magistrate Judge recommends dismissing Defendants Glass and Atkins from the case. In his October 22, 2008 response to the Court's order to show cause why Defendants Glass, Atkins, Garvin, and Tucker should not be dismissed, Plaintiff stated, "Plaintiff is currently writing an amended complaint which he hopes to file on or about 10-30-08. Defendants Glass and Atkins will not be named. However, others will be." (Doc. #125, p. 2). By not offering a reason for why they should not be dismissed in his response

to the order to show cause, Plaintiff essentially conceded he had not stated a claim against Defendants Glass and Atkins.

In his objection to the Magistrate Judge's recommendation regarding dismissal of Glass and Atkins, Plaintiff simply states, "It is correct that if Plaintiff's 3rd Amended Complaint filed on 12-16-08 (Doc. #166) would have been filed he would have voluntarily withdrawn defendants Glass and Atkins. No however, that is not acceptable." (Doc. #256, pp. 2-3). Plaintiff offers no legal basis for his objection to that portion of the Magistrate Judge's recommendation and has never provided a legal argument for why Defendants Glass and Atkins should not be dismissed. The Court therefore will accept the Magistrate Judge's recommendation and dismiss Defendants Glass and Atkins.

Plaintiff also requests relief with regard to Defendant Boutin, but Defendant Boutin was not the subject of the Recommendation and Report currently pending before the Court. The Court will therefore deny the relief requested by Plaintiff.

Accordingly,

IT IS ORDERED Accepting in its entirety the Report and Recommendation (Doc. #254) of Magistrate Judge Aspey.

IT IS FURTHER ORDERED that the United States Marshall shall effect personal service on Defendants Savage, Lewis, and Garvin within one (1) month of the date of this Order.

IT IS FURTHER ORDERED Dismissing all claims against Defendants Tucker, Glass, and Atkins.

DATED this 12th day of January, 2010.

_____
James A. Teilborg
United States District Judge